[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Chamikorn Puranananda and Jane Puranananda brought this action to recover damages against the defendants, David Greenhalgh and Sandra Greenhalgh to recover damages to their property located off Wheeler Road in the Town of Norfolk, Connecticut. Mr. Puranananda acquired parcel one of 153.38 acres, CT Page 6045 parcel 98.80 acres and a strip of land 40 yards in width on October 4, 1972 from Margaret Barbour. This property was subsequently changed to joint ownership on October 3, 1987.
On October 18, 1980, Mr. Puranananda transferred 10.431 acres of the above property to Margaret M. Cusick who later conveyed it to the defendants. In May 1992, Mr. and Mrs. Greenbalgh [Greenhalgh] commenced construction of a home on their property including the excavation of a foundation and installation of a septic system. In doing so they trespassed upon the land of the plaintiffs claiming approximately one half acre or 2600 square feet.
The plaintiffs in this action allege that the defendants cut down many mature trees or dug up and removed therefrom a great quantity of soil, placing said soil on defendants' land; changed the contours of plaintiffs' and defendants' land by said removal so that the natural drainage flow has been reversed and water now flows onto plaintiffs' land causing erosion and other damages; or changed the natural elevations of the land so as to raise defendant's land above that of plaintiffs', seriously reducing the value of plaintiffs' property; or moving large boulders from defendants' land onto plaintiffs' property; and/or disturbed, dug up and destroyed in excess of 26,000 square feet of plaintiffs' hands. The defendants have admitted that they committed "the intrusion. . .upon the plaintiffs' property, including removal of trees and stumps and other vegetation upon an area of approximately one-half acre" Accordingly, they committed "the intrusion. . .upon the plaintiffs' upon area of approximately one-half acre." Accordingly, they conceded that they committed a trespass to the plaintiffs' land. Trespass, 75 Am.Jur.2d § 1.
The plaintiffs' offered evidence of Bruce T. Grannan, a real estate appraiser whose report states as follows:
"Dear Mr. Puranananda:
As you requested, I have appraised a specified parcel of land of 8.9 acres, more or less, of the above referenced real estate as of the effective date of 31 August 1992; CT Page 6046 for the purpose of estimating the value of damages incurred as a result of tree removal, stripping away of top soil, leveling off of a hilltop area and installation of a septic system by an abutting land owner. These actions occurred during the period of 1 May through 31 August 1992. The 8.9 acre parcel was a planned lot which was part of a proposed subdivision of several lots belonging to the property owner. It is located on a right of way off Barry Road in the Town of Norfolk, County of Litchfield and State of Connecticut.
A careful and personal inspection was made of the property and due consideration was given all factors affecting values at the subject location. The attached report contains an analysis of data essential to support the estimates of value.
As a result of my investigation and findings, it is my belief that the parcel herein described warranted estimated fair market values prior to 1 May and subsequent to 31 August 1992, and estimated damages in the amounts of:
Estimated Fair Market Value of the Parcel
prior to 1 May 1992, $ 89,000 Estimated value of damages to the parcel, 27,500 -------- Subsequent to 31 August 1992. $ 61,500"
Another witness for the plaintiff, Mr. Peter Mulville, testified regarding the restoration of the property to its prior condition. His estimate for stump removal was $9,000.00, fill to restore the removed soil, $27,000.00, top soil, $19,000.00 seeding, $2,700.00, trees, $2,000.00, plus overhead and supervision 20% for a total of $73,000.00. This figure approaches Mr. Grannan's value of the land in question and greatly exceeds his estimate of diminution of value.
As stated in 75 Am.Jur.2d, Trespass § 133:
 The usual measure of damages in trespass cases, or at least one such measure, is the difference between the value before and after CT Page 6047 the trespass, or the fair market value before and after the trespass, or, in some cases, the lesser of the decline in market value and the cost of restoration.
 Inasmuch as the purpose of a damage award is to make the plaintiff whole, compensating plaintiffs for the decline in the value of their property resulting from the defendant's trespass accomplishes such a purpose. Even where there is a total diminution in value, the plaintiff may not recover more then the preinjury value of the land.
Likewise, in discussing the distinction between the two damage rules of "diminution in value" and "cost of repair" the following is stated in 22 Am. Jut. 29,
Damages, § 401, 4021.
 The following two rules of damages have frequently been stated: (1) the injured party is entitled to recover the difference between the value of the real property immediately before and immediately after the injury (often referred to as the `diminution in value' rule); (2) the injured party is entitled to recover the cost of repairing the realty by restoring it to its condition immediately prior to the injury (generally referred to as the `restoration' or `cost of repair' rule). An alternative measure of recovery is often found in cases where the tortfeasor merely occupies the land, without damaging the real property. In these cases, plaintiff is generally allowed to recover rental value of the real estate.
 In many instances, the diminution in market value and cost of restoration rules produce the same measure of recovery. The diminution in market value of a piece of real estate is often measured by the cost of repairing the injury to an interest therein, or the depreciation of market value may be indicated CT Page 6048 by the cost of repair. However, there can be a considerable disparity in the amount of damages determined by these two rules where the cost of repair is disproportionate to the decrease in the market value of the property or the cost of repairs would far exceed the value of the property as it existed before the tort was committed.
 One attempt to reconcile the two rules is that the plaintiff will be allowed the cost of restoration only if it is less than the diminution in market value.
On the facts in this case, the cost of repair of $72,000.00 is disproportionate to the decrease in the market value of the property.[1] Accordingly, the court finds that the plaintiffs have sustained recoverable damages in the amount of $27,500.00.
Judgment may enter for the plaintiff to recover of the defendants $27,500.00 plus costs.
PICKETT, J.